By the Court.—Freedman, J.
If the bill of sale embraced the whole of the contract between the parties, the defendant apparently received all he purchased, and if he did in fact, he should be held concluded by his bargain, though it may not have turned out as good as he imagined it was. For, as a general rule, an obligation cannot be defeated in whole or in part on the-mere ground of the inadequacy of the consideration, and there is no failure of consideration when a purchaser gets what he purchases, even though it turns, out to be valueless.
The defendant certainly got the stock and fixtures-absolutely, and his right and title to them has never been questioned or interfered with.
As to the lease in respect to which the real contention is, the bill of sale only calls for -whatever rights the plaintiff's had in it. Upon this point the bill of sale is explicit, and should be held to be the best evidence. The weight of the other evidence, however, points to the same conclusion. Horace K. Thnrber, Nason, the clerk who conducted the sale, and Wiley, ' another clerk also present, all testified that plaintiff's* interest only was sold. The defendant himself so testified, both on his direct and cross-examination, when first placed upon the stand, though, when recalled at a later stage, he sought to qualify it. But even then *170 he did not retract the admission made on his first cross-examination in respect to the correctness of the writing. Moreover, he seems to have perfectly understood throughout that the lease was not held by the plaintiffs in their own names. Upon the question, therefore, relating to the nature of the lease, the plaintiffs were entitled to a ruling that they sold only what rights they had.
But the written bill of sale evidently does not express the whole of the contract between the parties. It shows upon its face that the sale took place upon ■certain terms, which are not set forth therein. Parol evidence was therefore admissible to show what these terms were.
The controversy between the parties arises out of a claim of the landlord of the premises for unpaid rent and a statement made by Horace K. Thurber at the auction sale in reference to such claim. There were present at the sale Horace K. Thurber, one of the plaintiffs, and two of his clerks ; William Hughes, the defendant; Mr. Riordan, the lessee named in the lease ; Joseph Hughes, the brother of the defendant and assignee of the lease from Riordan ; Mr. Boyd, the landlord ; Mr. Campbell, the attorney of the landlord, and a number of others. Mr. Thurber, in opening the sale, referred to the lease as an unexpired term of a ten years’ lease, having seven years and some months to run, and that plaintiffs’ interest therein would be'sold, subject to a claim of Mr. Boyd for rent, amounting to $500. In point of fact the lease was then virtually at an end, in consequence of á judgment obtained by the landlord in summary proceedings instituted to recover the possession, for two months rent in arrear from Joseph Hughes, but which judgment had not yet been enforced. This is not important, however, as the landlord and Joseph Hughes stood by and acquiesced, and the landlord was ready *171 and willing to concede to the purchaser a right of redemption upon payment of the rent unpaid. In respect to that the landlord claimed, however, that in addition to the two months owing by Hughes there was due to him from Riordan a further sum, amounting to about $540; and through his attorney he gave public notice to those present that he would enforce his entire claim against the purchaser. Thurber, after consultation with the landlord and his attorney, directed the sale to proceed, and it is at this point that the most important conflict in the testimony arises. According to the version given by Thurber and some of the witnesses, he then announced that there was a dispute between him and the landlord as to the amount of rent due ; that he, Thurber, claimed that but $500 were due, that the landlord claimed $1,040, and that under the circumstances the place would be sold subject to whatever claim the landlord had. According to the version given by the defendant and some of the witnesses, Thurber announced that while the landlord claimed about $1,000, there were only $500 due ; that he was H. K. Thurber; that everybody knew who he was and where he was to be found, and that he was responsible.
If the fact was as claimed by the defendant, and Thurber’s statement amounted to a warranty that only $500 were due, or to a condition that the purchaser should have an allowance for all he might eventually have to pay over and above the sum of $500, it constituted one of the terms upon which the sale was made, and there being evidence upon which the jury could find that the defendant was compelled to pay $1,040, the case, aside from the question of pleading, was one for the jury, and no error was committed in denying plaintiffs’ motion for the direction of a verdict in their favor.
The jury having found for the defendant, the an *172 nouncement, for the purposes of the present appeal, should be assumed to have been made as claimed by the defendant. The question then arises as to what legal effect should be given to it. It did not establish- or tend to establish want of consideration in the note sued upon, for the defendant got all, he purchased; and if treated as a warranty or condition it is ques.-tionable whether the defendant could avail himself of it without having pleaded it. But the question of pleading was not raised, and should not be entertained now, if the case was otherwise fairly left to the jury. Upon much reflection, and not without hesitation, I have come to the conclusion that under the circumstances the announcement made by Thurber, as the jury must be deemed to have found it, should be held to have been part of the terms upon which the sale proceeded, and amounted, in connection with the prior announcement that the place would be sold, subject to. a claim of the landlord, for $500, to an undertaking on the part of the plaintiffs that the purchaser should have an allowance for all he might eventually have to pay over and above the sum of $500, or that at least the defendant might have so understood it.
But here a new difficulty arises. The case was not submitted to the jury upon this theory, but they were left at liberty to find that after all the plaintiffs pretended to sell a wholly unobjectionable lease standing-in their own names, and that the defendant, if he had known all the facts, would never have given the note in suit. This mode of submission must have greatly prejudiced the plaintiffs. But this is not all. There was also testimony which had been improperly admitted, and which the jury were allowed to consider. The defendant, to whom the affirmative of the issue had been awarded on his motion, was allowed to testify on his direct examination, against plaintiff’s objection and exception, that the lease in question, if it had seven *173 years and some months to run, was worth $1,000. This testimony was not based, as it should have been, if the inquiry had been material and relevant, on the value of the unexpired term, less the rent reserved, but solely on the opinion of the witness. No foundation had been laid for it, and on his cross-examination the witness admitted that he could not tell what it was worth, and that when he named $1,000, he had in view the good-will of the business. The testimony was also irrelevant to the issue to be tried and tended to raise a false issue. The defendant got not only all the rights of the plaintiffs under the lease, whatever they may have been, but under an arrangement made with the landlord, upon payment of the $1,040, and without any interruption in the business, he got a lease in his own name, reserving the same rent as was reserved by the lease sold, and in all material respects equivalent thereto, and as a consequence he did secure the good-will of the business, if that was sold to him, which is also a disputed question. The question to be tried, therefore, was not what was the value of either the lease or the good-will or of both combined, but upon what terms the defendant had purchased them. But the question of value was submitted to the jury, and their attention was called to the testimony complained of as proof of the value of the lease and good-will combined, which the defendant, in a certain aspect of the case, had a right to get. Such admission and submission, therefore, constituted error, for which a new trial must be ordered.
Having arrived at this conclusion, it is unnecessary to consider the remaining questions presented by the exceptions. Most of these exceptions, if not all, I have no doubt can readily be obviated when the case comes to be re-tried in conformity with the views above expressed.
*174 The judgment and order should be reversed arid a new trial granted, with costs to appellants to abide the event.
Speir, J., concurred.